UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA LAURENT, | |
| Plaintiff, | |
| v. | PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL |
| DELANOR, KEMPER & ASSOCIATES, | |
| Defendant. | |

## VERIFIED COMPLAINT

LISA LAURENT ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against DELANOR, KEMPER & ASSOCIATES, ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant resides and conducts business and is located in the state of Georgia, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

6. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

7. Plaintiff is a natural person residing in Munford, Tipton County, Tennessee.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national corporation located in Atlanta, Fulton County, Georgia.

11. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant places collection calls to Plaintiff seeking and demand payment for an alleged debt.

13. Defendant calls Plaintiff on her cellular telephone number, at 901-229-1852.

14. Defendant calls Plaintiff from telephone number, 404-665-3174.

15. Defendant accused Plaintiff of committing check fraud.

16. Defendant threatened to file a lawsuit against Plaintiff, but did not and has not filed one.

17. Defendant threatened to put Plaintiff in jail if she did not pay her alleged debt.

18. Defendant threatened to revoke Plaintiff's driver's license if she did not pay her alleged debt.

19. Defendant coerced Plaintiff into giving her bank account information by making the above threats.

20. Defendant fails to send Plaintiff a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

22. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff even though Defendant did not and does not intend to take such action.

23. Defendant violated *§1692e(5)* of the FDCPA by threatening to send Plaintiff to jail even though such action cannot legally be taken.

24. Defendant violated *§1692e(5)* of the FDCPA by threatening to revoke Plaintiff's driver's license even though such action cannot legally be taken.

25. Defendant violated *§1692e(7)* of the FDCPA by falsely representing that Defendant committed a crime because Defendant accused Plaintiff of committing check fraud.

26. Defendant violated *§1692e(7)* of the FDCPA by falsely representing that Defendant committed a crime because Defendant threatened to arrest Plaintiff if she did not pay the alleged debt.

27. Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means in an attempt to collect a debt because Defendant threatened legal action, jail, and revocation of driver's license, even though Defendant did not intend to take such action and/or such action could not legally be taken.

28. Defendant violated §1692g(a)(1-5) by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer

notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, LISA LAURENT, respectfully requests judgment be entered against Defendant, DELANOR, KEMPER & ASSOCIATES, for the following:

29. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

30. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k, in the amount of $1,000.00.

31. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

33. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: December 7, 2010

By: /s/ Scott Fortas
 Scott Fortas, Esq.
 Fortas Law Group
 1932 N. Druid Hills Road, Suite 100
 Atlanta, Georgia 30319
 Phone - (404) 933-1153
 Fax - (866) 383-4812

 Of Counsel
 Krohn & Moss, Ltd.
 10474 Santa Monica Blvd., Suite 401
 Los Angeles, CA 90025

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LISA LAURENT, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF TENNESSEE)

Plaintiff, LISA LAURENT, states the following:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LISA LAURENT, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_August 24, 2010_
Date

_Lisa A Laurent_
LISA LAURENT